UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>PAUL GONZALEZ, et al.,<br><br>        Defendants. | No. 2: 16-cv-0347 KJM KJN P<br><br><br>ORDER |

        Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

1 account. These payments will be forwarded by the appropriate agency to the Clerk of the Court
2 each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28
3 U.S.C. § 1915(b)(2).

4       The court is required to screen complaints brought by prisoners seeking relief against a
5 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
6 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

9       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11 Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
13 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
17 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18 1227.

19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
22 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25 sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts
26 are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .
27 . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)
28 (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Correctional Counselor Gonzales, Correctional Counselor Pulley, Warden Macomber, J. Tabayoyong, Chief of Policy and Regulations Lockwood, Correctional Counselor Fregoso, Lieutenant Burkhart, Chief of Inmate Appeals Voong, Appeals Coordinator Burnett, Appeals Examiner Hemenway, Ombudsman Weiss and Sergeant Couch.

Plaintiff alleges that he is wrongly being denied contact visits with his two minor children. The background to this claim is as follows.

Plaintiff alleges that in 1988, he received an "adjudication" as a minor for sexually assaulting his minor girlfriend, in violation of California Penal Code § 243.4.  Plaintiff alleges that in 1999, he was committed to the California Department of Corrections and Rehabilitation ("CDCR").  Following this commitment, he was allowed contact visits with his wife and son.  In 2001, plaintiff was paroled.  In 2004, plaintiff's parole was violated and he returned to prison.  A temporary minor visitation restriction was placed on plaintiff based on the newly enacted California Code of Regulations title 15, § 3173.1.  This regulation provided, in relevant part, that inmates convicted of violating Cal. Penal Code §§ 261, 264.1, 266c, 285, 286, 288, 288a, 288.5 or 289 when the victim is a minor, shall be limited to non-contact visitation with minors who are not a victim of the crime except as authorized by the Institution Classification Committee.

Plaintiff alleges that in January 2005, a classification committee removed the temporary minor visiting restriction and plaintiff was allowed contact visits with his wife and children.

Plaintiff alleges that in November 2005, he was discharged from parole and the commitment offense.

Plaintiff alleges that in January 2013, he was sentenced to a new commitment offense. Following his new conviction, plaintiff was sent to three classification committee hearings and no minor visitation restriction was placed on him.

////

Plaintiff alleges that in October 2014, his wife attempted to schedule a visit with plaintiff and was told by defendant Couch that plaintiff could not have contact visits with his children.

Plaintiff alleges that defendants are wrongly denying him contact visits based on his 1988 conviction for violation of California Penal Code § 243.4.  As legal claims, plaintiff alleges violations of the Eighth Amendment, his right to due process and equal protection.  Plaintiff also alleges that defendants conspired to violate his rights.

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  To invoke the protection of the Due Process Clause, the existence of a liberty interest for which the protection is sought must first be established.  Id.  Liberty interests may arise from the Due Process Clause itself or from state law.  Id.  The Due Process Clause does not itself confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."  Id.  Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481–84 (1995).  Liberty interests created by state law are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Prisoners have no due process right to unfettered visitation.  Kentucky Dept. of Corrs. v. Thompson, 490 U.S. 454, 460 (1989); Block v. Rutherford, 468 U.S. 576, 589 (1984) (holding that "the Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility"); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.1996) (opinion amended on denial of rehg., 135 F.3d 1318 (9th Cir. 1998)) (no constitutional right of access to a particular visitor) (internal citation/quotation marks omitted); Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir.2002) ("it is well-settled that prisoners have no constitutional right while incarcerated to contact visits ...."); see also, Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam) (citing Toussaint v. McCarthy, 801 F.2d 1080, 1113–14 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987) (abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995))

(ban on contact visits violates neither the prisoner's due process rights nor their rights under the Eighth Amendment).

Based on the cases set forth above, the undersigned finds that plaintiff's claims alleging that he is being denied contact visits in violation of his right to due process and the Eighth Amendment are without merit.

The undersigned next considers plaintiff's Equal Protection claim. Plaintiff alleges that prison officials are discriminating against him because prison officials are allowing similarly situated inmates to have contact visits.

The United States Supreme Court has recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also SeaRiver Maritime Financial Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002).

Plaintiff identifies no other similarly situated inmates who are being allowed contact visits with their children. For this reason, the undersigned finds that plaintiff's Equal Protection claim is not well supported.

The undersigned further observes that it is not clear whether the regulation is being properly applied to plaintiff. According to plaintiff, he is being denied contact visits by defendants based on his conviction for violating California Penal Code § 243.4. This section of the California Penal Code is not listed in § 3173.1. Thus, it appears that prison officials may be misapplying § 3173.1 to plaintiff. If plaintiff files an amended complaint, he should attach copies of his exhausted administrative appeals as reviewing them would assist the undersigned in evaluating his claims. To the extent he is able, plaintiff shall address whether the regulation is being correctly applied to him.

Because the undersigned finds that plaintiff has not pled potentially colorable constitutional claims based on his denial of contact visits, the undersigned need not address plaintiff's conspiracy claims. For the reasons discussed above, plaintiff's complaint is dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

1     Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: March 17, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wil347.14(2)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEENAN WILKINS,

        Plaintiff,        No. 2:16-cv-0347 KJM KJN P

   v.

PAUL GONZALEZ, et al.,

        Defendants.

_____

NOTICE OF AMENDMENT

        Plaintiff hereby submits the following document in compliance with the court's order filed_____.

                            _____                Amended Complaint

DATED:

                                                      _____

                                                              Plaintiff