UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>PAUL GONZALEZ, et al.,<br><br>        Defendants. | No. 2:16-cv-0347 KJM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On March 17, 2016, the undersigned dismissed plaintiff's complaint with leave to amend. (ECF No. 7.) Pending before the court is plaintiff's amended complaint. (ECF No. 10.) For the following reasons, the undersigned recommends that this action be dismissed.

    Plaintiff alleges that he is being denied contact visits with minor children pursuant to Cal. Code of Regs. Tit. 15, § 3173.1. This regulation provides,

> (a) For inmates convicted of Penal Code (PC) Section(s) 261, 264.1, 266c, 269, 285, 286, 288, 288a, 288.5, or 289 when the victim is a minor, visitation with the minor victim shall be prohibited, except as authorized by an order of the juvenile court pursuant to Welfare and Institutions Code Section 362.6. Visitation pursuant to such an order shall be limited to non-contact status.
>
> (b) For inmates convicted of PC Section(s) 261, 264.1, 266c, 285, 286, 288, 288a, 288.5, or 289 when the victim is a minor, visitation with any minor who is not the victim of the crime shall be limited to non-contact status except as authorized by the Institution

1

> Classification Committee.
>
> (c) For inmates convicted of PC Section(s) 273a, or 273d, visitation with the minor victim shall be limited to non-contact status.
>
> (d) For inmates convicted of violating PC Section(s) 187, 269, 273a, 273ab, or 273d, when the victim is a minor, visitation with any other minor shall be limited to non-contact status except as authorized by the Institution Classification Committee.
>
> (e) When an inmate has been arrested, but not convicted, of any crime involving a minor victim included in this Section, a classification committee shall determine whether all visitation with a minor(s) is to be limited to non-contact status.
>
> Unless otherwise prohibited, the inmate's visiting status shall be unrestricted until a classification committee has done the following:
>
> (1) Made a case-by-case determination whether the inmate poses a threat of harm to minor visitors in contact visitation.
>
> (2) Considered the circumstances of the misconduct involving a minor victim in determining whether the inmate poses a threat of harm to minor visitors in contact visitation. In making its determination, the classification committee shall consider, but is not limited to, arrest reports, probation officer reports, court transcripts, parole revocation transcripts.
>
> (f) If a classification committee, when making a decision regarding the visiting status of an inmate described in (e) above, determines that the inmate will pose a threat of harm to minor visitors in contact visitation, it will order all the inmate's visitation with minors be restricted to non-contact visiting status.

Cal. Code Regs. Tit. 15, § 3173.1.

Plaintiff alleges that 28 years ago, when he was a minor, he was charged with rape and kidnapping of a minor victim. (ECF No. 10 at 2.) While the rape and kidnapping charges were dismissed, he was "adjudicated" of violating California Penal Code § 243.4. (Id.) Plaintiff alleges that, pursuant to Section 3173.1, subsection (e), he is now being denied contact visits with his minor children based on the charges that were dismissed against him 28 years ago. (Id.)

Plaintiff alleges that in 2004 a temporary contact visitation restriction was placed on him based on the dismissed charges. (Id. at 3.) Plaintiff alleges that on January 24, 2005, the visitation restriction was removed, and he was apparently allowed contact visits with his children. (Id.)

////

2

Plaintiff alleges he was discharged from California Department of Corrections and Rehabilitation ("CDCR") custody in 2005, and recommitted in 2013. (Id.) At that time, no visitation restrictions were placed on him. (Id.) Plaintiff alleges that in October 2014, his wife was informed by defendant Couch that plaintiff could not have contact visits with his children. (Id.) Plaintiff appears to claim that defendants did not follow the procedures set forth in section 3173.1 for imposing the visitation restrictions, i.e., a classification committee did not make a case-by-case determination whether plaintiff imposed a threat of harm to minor visitors in contact visitation and failed to consider the circumstances of the misconduct in determining whether plaintiff posed a threat of harm to minor visitors.

Plaintiff makes the following legal claims. Plaintiff alleges that the denial of contact visits violates his right to equal protection, his right to due process and the Eighth Amendment. Plaintiff also alleges that defendants conspired to violate his constitutional rights. The undersigned addresses these claims herein.

Plaintiff alleges that defendants' failure to make a case-by-case determination of whether plaintiff should be allowed contact visits violated his right to equal protection. (Id. at 7-10.)

An equal protection claim may be established in two ways: (1) a plaintiff may show that he was discriminated against based on his membership in a protected or suspect class such as race, alienage, or religious affiliation; or (2) a plaintiff may establish that he was treated differently than similarly situated individuals for reasons that are not rationally related to a legitimate State purpose. Gonzalez–Medina v. Holder, 641 F.3d 333, 336 (9th Cir. 2011). Plaintiff does not allege that the denial of contact visits is based on discrimination. Plaintiff also does not allege sufficient facts demonstrating that he is being treated differently than similarly situated individuals. Accordingly, plaintiff's equal protection claim is without merit.

Plaintiff alleges that imposition of the visitation restriction violated his right to due process because he was not allowed to review the probation report and court transcripts relied on by prison officials to impose the restriction. (ECF No. 10 at 10-11.) Plaintiff also alleges that the alleged case-by-case review he received on December 17, 2014, violated his right to due process because it was "unauthorized." (Id. at 11.)

   Plaintiff's claim alleging that the restriction on contact visits violates his right to due process is without merit.  Due process protects against the deprivation of life, liberty, or property without due process of law.  U.S. Const. amend. XIV, § 1.  Protected liberty interests "'may arise from two sources -- the Due Process Clause itself and the laws of the States.'"  Ky. Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989) (quoting Hewitt v. Helms, 459 U.S. 460 (1983)).  The due process clause of the federal constitution does not, of its own force, create a liberty interest under the facts of this case, for it is well settled that an inmate does not have a liberty interest in the denial of contact visits by a spouse, relatives, children, and friends.  Block v. Rutherford, 468 U.S. 576 (1984).

   State statutes or regulations can create a due process liberty interest where none otherwise would have existed.  Thompson, 490 U.S. at 461.  Prior to Sandin v. Conner, 515 U.S. 472 (1995), for a state law to create a liberty interest, it had to have contained "explicitly mandatory language," in connection with the establishment of "specified substantive predicates," to limit discretion.  Thompson, 490 U.S. at 463 (quoting Hewitt, 459 U.S. at 472).  In Sandin, the United States Supreme Court held that liberty interests are not created by negative implications from mandatory language in prison regulations.  Rather, to create a liberty interest, the action taken must be an atypical and significant deprivation from the normal incidents of prison life.  Sandin, 515 U.S. at 484.  While there is a hardship in that plaintiff cannot have contact visits with his children, this is not an atypical and significant hardship.  For these reasons, plaintiff has not stated a potentially colorable due process claim.

   Turning to plaintiff's Eighth Amendment claim, the denial of contact visits does not violate the Eighth Amendment.  Toussaint v. McCarthy, 801 F.2d 1080, 1113-14 (9th Cir. 1986) (abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995) (ban on contact visits does not violate the Eighth Amendment)).

   Because the undersigned finds that the denial of contact visits does not state a potentially cognizable constitutional claim, he need not address plaintiff's claim that defendants conspired to violate his constitutional rights.

////

Because plaintiff has already been given one opportunity to amend, it is unlikely that plaintiff will be able to state a potentially cognizable constitutional claim if granted leave to file a second amended complaint. Accordingly, the undersigned recommends that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 4, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wilk347.dis