UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, | No. 2: 16-cv-0347 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| PAUL GONZALEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On April 4, 2016, the undersigned recommended that this action be dismissed. (ECF No. 11.) For the reasons stated herein, the findings and recommendations are vacated, and plaintiff is granted leave to file a second amended complaint.

The April 4, 2016 findings and recommendations addressed plaintiff's first amended complaint. In the first amended complaint, plaintiff alleged that he was being denied contact visits with his minor children pursuant to Cal. Code of Regs. Tit. 15, § 3173.1. Plaintiff alleged that the denial of contact visits violated the Eighth Amendment, his right to equal protection and due process. In the findings and recommendations, the undersigned found that plaintiff failed to state potentially colorable claims for violation of these constitutional rights.

In his objections, plaintiff raises a new claim. In particular, plaintiff alleges that prison officials denied him contact visits with his children, without notice, one month after plaintiff

1

reported staff assaults.  These allegations suggest that plaintiff is raising a claim that prison officials denied him contact visits with his children in retaliation for reporting staff assaults.  Based on the new allegations raised in plaintiff's objections, the findings and recommendations are vacated.  Plaintiff is granted leave to file a second amended complaint raising his retaliation claim.

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  If plaintiff intends to assert a retaliation claim, he must specifically identify the protected conduct at issue and plead that the allegedly adverse action was taken "because of" that conduct.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff again raises claims alleging that the denial of contact visits with his children violates the Eighth Amendment, his right to equal protection and due process, the undersigned will again recommend that these claims be dismissed.

On May 24, 2016, plaintiff filed a motion to present additional evidence in support of his claims.  (ECF No. 14.)  Because the findings and recommendations are vacated, plaintiff's motion to submit additional evidence is denied as unnecessary.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. The April 4, 2016 findings and recommendations (ECF No. 11) are vacated;

2. Plaintiff is granted thirty days to file a second amended complaint raising a retaliation claim;

3. Plaintiff's motion to present additional evidence (ECF No. 14) is denied.

Dated: June 2, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wilk347.vac