UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>PAUL GONZALES, et al.,<br><br>        Defendants. | No.  2:  16-cv-0347 KJM KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for leave to file a third amended complaint (ECF No. 23) and proposed third amended complaint (ECF No. 25).  For the following reasons, plaintiff's motion for leave to file a third amended complaint should be denied.

      Plaintiff filed the original 19 page complaint on February 18, 2016.  (ECF No. 1.) Plaintiff alleged that he was being denied contact visits with his minor children in violation of the Eighth Amendment, his right to equal protection and due process.  On March 17, 2106, the undersigned dismissed the original complaint with leave to amend.  (ECF No. 7.)

      On March 25, 2016, plaintiff filed a first amended complaint, containing the same legal claims as the first amended complaint.  (ECF No. 10.)  The first amended complaint contained 18 pages of legal briefing and 57 pages of exhibits.  On April 4, 2016, the undersigned recommended that this action be dismissed on grounds that the first amended complaint failed to state

1

1 potentially colorable claims for relief.  (ECF No. 11.)

2 On April 12, 2016, plaintiff filed objections to the findings and recommendations.  (ECF
3 No. 13.)  In his objections, plaintiff raised a new claim alleging that prison officials were denying
4 him contact visits with his children in retaliation for his report of staff assaults.  (Id.)
5 Accordingly, on June 2, 2016, the undersigned vacated the April 4, 2016 findings and
6 recommendations and granted plaintiff leave to file a second amended complaint.  (ECF No. 15.)

7 On June 17, 2016, plaintiff filed a second amended complaint.  (ECF No. 17.)  The second
8 amended complaint contained 30 pages of legal briefing and 92 pages of exhibits.  The second
9 amended complaint also named 25 defendants.

10 On August 12, 2016, the undersigned issued a 21 page order screening the second
11 amended complaint.   (ECF No. 19.)  The undersigned ordered service of the following claims:
12 1) defendants Jones, Vasquez and Hurtz allegedly retaliated against plaintiff for filing
13 administrative grievances regarding staff assaults against himself and other mentally ill inmates
14 by reducing his level of care from the Enhanced Outpatient Program ("EOP"); 2) defendants
15 Jones, Couch, Gonzales and Pulley allegedly retaliated against him for reporting staff assaults by
16 imposing a minor contact visitation restriction; and 3) defendant Jones allegedly used excessive
17 force against plaintiff.

18 The undersigned found that plaintiff's remaining claims were not potentially colorable.  In
19 particular, the undersigned separately recommended dismissal of the following claims:  1) the
20 denial of contact visits violated plaintiff's rights to Equal Protection, Due Process and the Eighth
21 Amendment; 2) defendants Couch, Gonzales Pulley, Rasmussen, Tabayoyang, Vasquez, Hurt,
22 Vanderburg, Jones, Sims and Burnett conspired to place the minor visitation restriction on
23 plaintiff's record in retaliation for filing grievances; 3) defendants Macomber, Baughman,
24 Lockwood, Harrington, Voong, Hemengway, Hendricks, Barretto, Lewis, Swarthout, Chaiken,
25 Fragoso, Burkhart and Burnett failed to prevent the alleged deprivations after they were made
26 aware of them.  (ECF No. 20.)

27 In the August 12, 2016 order screening the second amended complaint, the undersigned
28 ordered that plaintiff was not granted leave to file a third amended complaint.  (ECF No. 19 at

19.)  The order stated, in relevant part,

> The undersigned has spent considerable time reviewing the claims in the second amended complaint.  For this reason, and because it appears unlikely that plaintiff can cure the defects discussed above, plaintiff is not granted leave to file a third amended complaint. Instead, the undersigned herein orders service of those claims found colorable, and separately recommends dismissal of those defendants against whom plaintiff has not stated colorable claims for relief.

(Id.)

On August 22, 2016, plaintiff filed objections to the August 12, 2016 findings and recommendations recommending dismissal of those claims in the second amended complaint that were not potentially colorable.  (ECF No. 21.)  On September 8, 2016, plaintiff filed a motion for leave to file a third amended complaint.  (ECF No. 23.)  On September 16, 2016, plaintiff filed the proposed third amended complaint.  (ECF No. 25.)

The proposed third amended complaint contains 52 pages of legal briefing.  (Id.)  The third amended complaint names 29 defendants, including 18 of the defendants named in the second amended complaint and 11 new defendants.  The proposed third amended complaint includes previously dismissed claims as well as new claims.

Plaintiff's motion to file the proposed third amended complaint should be denied because it violates the August 12, 2016 order which clearly advised plaintiff that no further amendments would be permitted.  Moreover, the proposed third amended complaint violates Federal Rule of Civil Procedure 8 notice requirement.  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002).  The undersigned will not expend additional judicial resources to review plaintiff's 52 page proposed third amended complaint to determine if further amendment is appropriate.  As indicated above, plaintiff has already been granted generous opportunities to file amended complaints.  The undersigned is also concerned that plaintiff will not cease filing amended complaints until the court orders service of all named defendants as to all claims, which is unlikely to occur.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for leave to file a third amended complaint (ECF No. 23) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 26, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wilk347.ame(3)