1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   KEENAN WILKINS,                        No.  2:  16-cv-0347 KJM KJN P
12                  Plaintiff,
13        v.                                AMENDED FINDINGS AND
                                            RECOMMENDATIONS
14   PAUL GONZALES, et al.,
15                  Defendants.
16
17           Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for leave to file a third

19   amended complaint (ECF No. 23) and proposed third amended complaint (ECF No. 25).  For the

20   following reasons, plaintiff's motion for leave to file a third amended complaint should be denied.

21           Plaintiff filed the original 19 page complaint on February 18, 2016.  (ECF No. 1.)

22   Plaintiff alleged that he was being denied contact visits with his minor children in violation of the

23   Eighth Amendment, his right to equal protection and due process.  On March 17, 2106, the

24   undersigned dismissed the original complaint with leave to amend.  (ECF No. 7.)

25           On March 25, 2016, plaintiff filed a first amended complaint, containing the same legal

26   claims as the first amended complaint.  (ECF No. 10.)  The first amended complaint contained 18

27   pages of legal briefing and 57 pages of exhibits.  On April 4, 2016, the undersigned recommended

28   that this action be dismissed on grounds that the first amended complaint failed to state

                                               1

1    potentially colorable claims for relief.  (ECF No. 11.)

2         On April 12, 2016, plaintiff filed objections to the findings and recommendations.  (ECF

3    No. 13.)  In his objections, plaintiff raised a new claim alleging that prison officials were denying

4    him contact visits with his children in retaliation for his report of staff assaults.  (Id.)

5    Accordingly, on June 2, 2016, the undersigned vacated the April 4, 2016 findings and

6    recommendations and granted plaintiff leave to file a second amended complaint.  (ECF No. 15.)

7         On June 17, 2016, plaintiff filed a second amended complaint.  (ECF No. 17.)  The second

8    amended complaint contained 30 pages of legal briefing and 92 pages of exhibits.  The second

9    amended complaint also named 25 defendants.

10        On August 12, 2016, the undersigned issued a 21 page order screening the second

11   amended complaint.   (ECF No. 19.)  The undersigned ordered service of the following claims:

12   1) defendants Jones, Vasquez and Hurtz allegedly retaliated against plaintiff for filing

13   administrative grievances regarding staff assaults against himself and other mentally ill inmates

14   by reducing his level of care from the Enhanced Outpatient Program ("EOP"); 2) defendants

15   Jones, Couch, Gonzales and Pulley allegedly retaliated against him for reporting staff assaults by

16   imposing a minor contact visitation restriction; 3) defendant Jones allegedly used excessive force

17   against plaintiff; and 4) defendants Swarthout and Chaiken allegedly failed to act after being

18   made aware of the alleged retaliation.

19        The undersigned found that plaintiff's remaining claims were not potentially colorable.  In

20   particular, the undersigned separately recommended dismissal of the following claims:  1) the

21   denial of contact visits violated plaintiff's rights to Equal Protection, Due Process and the Eighth

22   Amendment; 2) defendants Couch, Gonzales Pulley, Rasmussen, Tabayoyang, Vasquez, Hurt,

23   Vanderburg, Jones, Sims and Burnett conspired to place the minor visitation restriction on

24   plaintiff's record in retaliation for filing grievances; 3) defendants Macomber, Baughman,

25   Lockwood, Harrington, Voong, Hemengway, Hendricks, Barretto, Lewis, Fragoso, Burkhart and

26   Burnett failed to prevent the alleged deprivations after they were made aware of them.  (ECF No.

27   20.)

28   ////

1    In the August 12, 2016 order screening the second amended complaint, the undersigned

2   ordered that plaintiff was not granted leave to file a third amended complaint.  (ECF No. 19 at

3   19.)  The order stated, in relevant part,

4           The undersigned has spent considerable time reviewing the claims
            in the second amended complaint.  For this reason, and because it
5           appears unlikely that plaintiff can cure the defects discussed above,
            plaintiff is not granted leave to file a third amended complaint.
6           Instead, the undersigned herein orders service of those claims found
            colorable, and separately recommends dismissal of those
7           defendants against whom plaintiff has not stated colorable claims
            for relief.
8

9   (Id.)

10    On August 22, 2016, plaintiff filed objections to the August 12, 2016 findings and

11   recommendations recommending dismissal of those claims in the second amended complaint that

12   were not potentially colorable.  (ECF No. 21.)  On September 8, 2016, plaintiff filed a motion for

13   leave to file a third amended complaint.  (ECF No. 23.)  On September 16, 2016, plaintiff filed

14   the proposed third amended complaint.  (ECF No. 25.)

15    The proposed third amended complaint contains 52 pages of legal briefing.  (Id.)  The

16   third amended complaint names 29 defendants, including 18 of the defendants named in the

17   second amended complaint and 11 new defendants.  The proposed third amended complaint

18   includes previously dismissed claims as well as new claims.

19    Plaintiff's motion to file the proposed third amended complaint should be denied because

20   it violates the August 12, 2016 order which clearly advised plaintiff that no further amendments

21   would be permitted.  Moreover, the proposed third amended complaint violates Federal Rule of

22   Civil Procedure 8 notice requirement.  Pursuant to Rule 8(a), a complaint must contain "a short

23   and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P.

24   8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is

25   and the grounds upon which it rests."  Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002).  The

26   undersigned will not expend additional judicial resources to review plaintiff's 52 page proposed

27   third amended complaint to determine if further amendment is appropriate.  As indicated above,

28   plaintiff has already been granted generous opportunities to file amended complaints.  The

3

1   undersigned is also concerned that plaintiff will not cease filing amended complaints until the

2   court orders service of all named defendants as to all claims, which is unlikely to occur.

3         Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for leave to file a

4   third amended complaint (ECF No. 23) be denied.

5         These findings and recommendations are submitted to the United States District Judge

6   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7   after being served with these findings and recommendations, plaintiff may file written objections

8   with the court and serve a copy on all parties.  Such a document should be captioned

9   "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

10  failure to file objections within the specified time may waive the right to appeal the District

11  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  Dated:  November 9, 2016

14  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

16  Wilk347.ame(4)

4