UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, | No.  2:16-cv-0347 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| PAUL GONZALES, et al., | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 12, 2016, the magistrate judge filed finding and recommendations recommending dismissal of all claims in the second amended complaint, except for the retaliation claims against defendants Swarthout, Chaiken, Jones, Vasquez, Hurtz, Couch, Gonzales and Pulley, and the Eighth Amendment claim against defendant Jones.  (ECF No. 20.)  On August 22, 2016, plaintiff filed objections to the August 12, 2016 findings and recommendations.  (ECF No. 21.)

On September 8, 2016, plaintiff filed a motion requesting that the court clarify whether the magistrate judge addressed his conspiracy claims in the August 12, 2016 findings and recommendations.  (ECF No. 23.)  The undersigned addresses this issue herein.

1

In the second amended complaint, plaintiff raised two conspiracy claims.  (ECF No. 17 at 22-23.)  In claim six, plaintiff alleged that defendants conspired to violate his rights in violation of 42 U.S.C. § 1985.  (*Id.* at 22.)  In claim seven, plaintiff alleged that defendants conspired to violate his rights in violation of 42 U.S.C. § 1986.  (*Id.* at 22-23.)

In addressing plaintiff's conspiracy claims, the magistrate judge applied the legal standards for conspiracy claims brought pursuant to 42 U.S.C. § 1983.  (ECF No. 19 at 8-9.)  For the reasons stated herein, the undersigned finds that plaintiff's second amended complaint fails to state colorable conspiracy claims under either 42 U.S.C. § 1985 or 42 U.S.C. § 1986.

Plaintiff does not identify the subsection of § 1985 on which his conspiracy claim is based.  Section 1985(1) is not applicable as it applies to conspiracies to prevent persons from holding office or discharging any duties thereof.

Section 1985(2) allows an action for damages against those who conspire to deny a person access to federal and state courts by "force, intimidation, or threat."  To state a colorable conspiracy claim under § 1985(2), the plaintiff must also allege specific allegations showing how each defendant denied him access to the state or federal court because he is a member of a protected class.  *Portman v. County of Santa Clara*, 995 F.2d 898, 908-09 (9th Cir. 1993).  Plaintiff does not allege that defendants denied him access to a state or federal court because he is a member of a protected class.  For this reason, he does not state a colorable conspiracy claim under 42 U.S.C. § 1985(2).

Section 1985(3) prohibits conspiracies to deprive a person of equal protection of the laws.  In order to state a claim under § 1985(3), plaintiff must establish that a conspiracy existed to deprive him of equal protection of the law and that the conspiracy was based on discriminatory hostility toward the protected class.  *Nielson v. Legacy Health Systems*, 230 F.Supp.2d 1206, 1210 (D. Ore. 2011); *Usher v. Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  Plaintiff does not state a colorable conspiracy claim under § 1985(3) because he does not allege racial animus by defendants.

For the following reasons, plaintiff also fails to state a conspiracy claim under 42 U.S.C. § 1986.  "Section 1986 imposes liability on every person who knows of an impending violation of

section 1985 but neglects or refuses to prevent the violation." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." *Id.* Because plaintiff does not state a colorable claim under § 1985, he fails to state a colorable claim under § 1986.

On September 16, 2016, plaintiff filed a proposed third amended complaint. (ECF No. 25.) On November 9, 2016, the magistrate judge filed amended findings and recommendations recommending that plaintiff's motion for leave to file the third amended complaint be denied.[1] (ECF No. 30.) On November 21, 2016 and November 22, 2016, plaintiff filed objections to the November 9, 2016 findings and recommendations. (ECF Nos. 31, 32.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations filed August 12, 2016 and November 9, 2016 to be supported by the record and by proper analysis. The court writes separately to note that plaintiff asserts that he has made several requests for appointment of counsel and objects to the magistrate judge's failure to address them. *See* ECF No. 21 at 2; ECF No. 32 at 2. Plaintiff is informed that a request for court order, including a request for order appointing counsel, must be made by motion prepared in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of this court *See* Fed. R. Civ. P. 7(b); L. R. 230(l) (E.D.Cal.).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 12, 2016 and November 9, 2016, are adopted in full;

2. All claims in the second amended complaint, except for the retaliation claims against defendants Swarthout, Chaiken, Jones, Vasquez, Hurtz, Couch, Gonzales and Pulley, and the Eighth Amendment claim against defendant Jones, are dismissed; and

/////

---

[1] The November 9, 2016 findings and recommendations amend and supersede findings and recommendations filed October 26, 2016 addressing plaintiff's motion for leave to file a third amended complaint. ECF No. 27.

3

3. Plaintiff's motion for leave to file a third amended complaint (ECF No. 23) is denied.

DATED: March 30, 2017

_____
UNITED STATES DISTRICT JUDGE