UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, | No. 2:16-cv-0347-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| PAUL GONZALES, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. On March 31, 2017, the court dismissed all claims in the second amended complaint, except for two claims against a total of eight defendants, and denied plaintiff's motion for leave to file a third amended complaint, following findings and recommendations to the same effect. Order, ECF No. 33. Plaintiff moves for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure.[1] Mot., ECF No. 37.

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the

---

[1] Plaintiff does not specify that he invokes Rule 60(b) but the court construes the motion as one made under Rule 60(b) because plaintiff articulates no reason why Rule 60(a), which concerns reconsideration to correct clerical errors and other oversights, applies here. Plaintiff takes issue with the court's earlier analysis, which plainly implicates Rule 60(b).

1

> following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis removed) (citations omitted). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)–(4).

Here, because plaintiff does not present the court with new evidence, does not show the court committed clear error, and does not indicate a change in controlling law, plaintiff has not met any of the grounds for a motion for reconsideration. Plaintiff either rehashes arguments he made in objections to the findings and recommendations adopted in the order he now challenges, or he raises new arguments that could have been made earlier in the litigation. Those are not proper bases for reconsideration. *See Marlyn Nutraceuticals*, 571 F.3d at 880.

Plaintiff raises one point that does warrant discussion: to date, the court has not addressed the merits of his request that he be appointed counsel. Mot. at 4:9–18. District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel under 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir.1990). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success

on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Terrell*, 935 F.2d at 1017 (citation omitted). At this early stage in the litigation, it is difficult to gauge plaintiff's likelihood of success on the merits, but he has demonstrated ample ability to articulate his claims and advance his positions; several of his claims have survived statutory screening despite his pro se status and asserted mental illness. Consequently, plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel.

For the foregoing reasons, the court DENIES plaintiff's motion for reconsideration, ECF No. 37.

IT IS SO ORDERED.

DATED: August 3, 2017.

_____
UNITED STATES DISTRICT JUDGE