UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, | No. 2:16-cv-0347 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| PAUL GONZALES, et al., | |
| Defendants. | |

Plaintiff, a California prisoner proceeding pro se, has filed a motion asking that the court reconsider its March 31, 2017 order, ECF No. 33. Plaintiff seeks reconsideration of that portion of the order that dismissed Warden Jeff Macomber and Director Kelly Harrington as defendants and plaintiff's equal protection claims and denied leave to file a third amended complaint. Plaintiff also seeks reconsideration of that part of the order that informed plaintiff that requests for court orders, including requests for appointment of counsel, must be made by motion prepared in accordance with the requirements of Fed. R. Civ. P. 7(b) and Local Rule 230(l) (E.D.Cal.).

A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). *See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Generally speaking, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial

1

decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. at 1263.

Defendant Macomber was dismissed from this action on the ground that there was nothing in plaintiff's grievances, and no other allegations, that showed defendant Macomber "had knowledge of [plaintiff's] retaliation claim against the defendants who imposed the visitation restriction." ECF No. 19 at 14; ECF No. 20; ECF No. 33. The additional letters attached to plaintiff's motion for reconsideration do not change this finding or the court's reasons for dismissing defendant Macomber, nor do they support a finding that plaintiff should have been granted leave to amend as to defendant Macomber.

Defendant Harrington was dismissed because plaintiff had "not pled sufficient facts demonstrating" the involvement of defendant Harrington in the events complained of. ECF No. 19 at 15-16; ECF No. 20; ECF No. 33. The letters attached to plaintiff's motion for reconsideration do not cure this defect, nor do they support a finding that plaintiff should have been granted leave to amend as to defendant Harrington. Only one of the letters predates the filing of this action, and that letter contains only general assertions that are not sufficient to support a finding that defendant Harrington was involved in the events complained of.

Finally, there is no basis for reconsideration of that part of the court's order that instructed plaintiff concerning the proper procedure for requesting court orders, including appointment of counsel.

In accordance with the above, IT IS HEREBY ORDERED that upon reconsideration, the court's March 31, 2017 order, ECF No. 33, is confirmed. This order resolves plaintiff's motion for reconsideration, ECF No. 37.

DATED: August 9, 2017.

_____
UNITED STATES DISTRICT JUDGE

2