UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEENAN WILKINS,

    Plaintiff,

v.

PAUL GONZALES, et al.,

    Defendants.

No. 2:16-cv-0347 KJM KJN P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to revoke plaintiff's in forma pauperis status. (ECF No. 50.) For the reasons stated herein, the undersigned recommends that defendants' motion be denied.

Title 28 U.S.C. § 1915 generally permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g).

In <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th Cir. 2005), the Ninth Circuit explained, "The PLRA does not define the terms 'frivolous,' or 'malicious,' nor does it define dismissals for failure to 'state a claim upon which relief could be granted'... We have held that the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6)." In defining the terms frivolous and malicious, the <u>Andrews</u> court held, "[W]e look to their 'ordinary, contemporary, common meaning.'...Thus, a case is frivolous if it is 'of little weight or importance: having no basis in law or fact'...A case is malicious if it was filed with the 'intention or desire to harm another.'" <u>Andrews</u>, 398 F.3d at 1121 (internal quotations and citations omitted).

The <u>Andrews</u> court further noted, "[n]ot all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." <u>Id</u>. at 1121. In making the determination whether a dismissal counts as a strike, it is the substance of the dismissal which is determinative, not the styling of the dismissal. <u>El–Shaddai v. Zamora</u>, 833 F.3d 1036, 1042 (9th Cir. 2016); <u>O'Neal v. Price</u>, 531 F.3d 1146, 1153 (9th Cir. 2008).

Defendants argue that plaintiff has five strikes pursuant to 42 U.S.C. § 1915(g). The undersigned discusses each alleged strike separately herein.

*97-cv-2298*

Defendants argue that <u>Brown aka Wilkins v. North County Jail</u>, No. 3: 97-2298 MMC (N.D. Cal.), counts as a strike. Exhibits attached to defendants' motion show that the United States District Court for the Northern District of California dismissed 97-2298 for failing to state a claim upon which relief may be granted on August 4, 2017. (ECF No. 50-3 at 8.) Thus, 97-2298 is a strike pursuant to 28 U.S.C. § 1915(g).

////

////

*08-cv-3850*

Defendants next argue that <u>Wilkins v. Ahorn</u>, No. 3: 08-cv-3850 MMC (N.D.), counts as a strike. Exhibits attached to defendants' motion to dismiss show that the Northern District dismissed this action with prejudice on February 9, 2009. (ECF No. 50-4 at 15.) Plaintiff filed 08-3850 as a class action challenging conditions in the Santa Rita Jail. (<u>Id.</u> at 14.) The Northern District dismissed the action on grounds that plaintiff was not able to act as a class representative. (<u>Id.</u>) The Northern District also found that plaintiff had a currently pending action before the Northern District, filed on his own behalf, containing claims that were identical to those raised in 08-3850. (<u>Id.</u>) As noted by defendants, the Northern District did not identify whether the dismissal was because the complaint was frivolous, malicious or failed to state a claim.

Defendants argue that 08-cv-3850 counts as a strike because it was dismissed as duplicative of another action filed by plaintiff in the Northern District. Defendants argue that other courts have determined that actions are frivolous or malicious under 28 U.S.C. § 1915(g) when they present duplicative allegations and claims from the same plaintiff in prior actions.

Some courts in this district have held that actions dismissed as duplicative are frivolous and thus count as strikes under § 1915(g). See, e.g., <u>Turner v. Gibson</u>, 2013 WL 5587391, *1 (E.D.Cal. Oct.10, 2013), citing <u>Cato v. U.S.</u>, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). In <u>Bailey v. Johnson</u>, 846 F.2d 1019, 1021 (5th Cir. 1988) the Fifth Circuit Court of Appeals characterized duplicative litigation as "malicious." In <u>Cato v. U.S.</u>, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995), the Ninth Circuit, citing <u>Bailey</u>, agreed that where a complaint repeats pending or previously litigated claims, it is subject to dismissal under the in forma pauperis statute as being frivolous or malicious.

As discussed above, plaintiff attempted to bring 08-3850 as a class action, although he had a pending individual suit raising the same claims. Because plaintiff attempted to bring 08-3850 as a class action, the undersigned does not find that it was maliciously brought. While 08-3850 contained the same claims as plaintiff's individual action, it appears that plaintiff filed it based on the mistaken belief that he was authorized to represent the class. Based on these circumstances, the undersigned finds that 08-3850 does not qualify as a strike pursuant to 28 U.S.C. § 1915(g).

*11-cv-2704*

Defendants next argue that Brown v. Alameda, 11-cv-2704 LHK (N.D. Cal.), counts as a strike. On May 1, 2012, the Northern District dismissed 11-2704 for failing to comply with Federal Rules of Civil Procedure 18 and 20. (ECF No. 50-5 at 39-41.) The Northern District found that the amended complaint contained improperly joined defendants and claims. (Id.)

The Northern District did not dismiss 11-2704 on the grounds that plaintiff failed to state claims upon which relief may be granted. The Northern District also did not dismiss 11-2704 on the grounds that plaintiff's claims were frivolous, i.e., "of little weight or importance: having no basis in law or fact…" Andrews, 398 F.3d at 1121. Finally, the Northern District did not dismiss 11-2704 on the grounds that it was malicious, i.e., filed with the "intention or desire to harm another." Id.

Because the Northern District did not dismiss 11-2704 on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, the undersigned finds that 11-2704 does not qualify as a strike pursuant to 42 U.S.C. § 1915(g).[1] Rather, 11-2704 is an unsuccessful case that does not qualify as a strike. Andrews, 398 F.3d at 1121.

*12-cv-16170*

Defendants next argue that the Ninth Circuit's dismissal of plaintiff's appeal of the district court's order in 11-2704 counts as a strike. The background to this appeal follows herein.

After plaintiff appealed the dismissal of 11-2704, in 12-16170 the Ninth Circuit referred the case back to the district court to determine whether plaintiff's in forma pauperis status should continue on appeal or if the appeal was taken in bad faith. (ECF No. 50-6 at 1.) The district court certified that the appeal was frivolous and therefore not taken in good faith. (ECF No. 50-5 at 45-46.)

In 12-16170, the Ninth Circuit then issued an order confirming the district court's certification that plaintiff's appeal was frivolous. (ECF No. 50-6 at 3.) The Ninth Circuit denied

---

[1] Dismissal of a complaint, in its entirety, for improper joinder is not proper. See Williams v. California Department of Corrections, 467 Fed.Appx. 672 at *674 (9th Cir. 2012), citing Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.")

plaintiff's application to proceed in forma pauperis on appeal and ordered him to pay the filing fee. (Id.) After plaintiff failed to pay the filing fee, on September 12, 2012, the Ninth Circuit dismissed the appeal for plaintiff's failure to pay the filing fee. (Id. at 5.)

The issue before the undersigned is whether the dismissal of plaintiff's appeal for failure to file an in forma pauperis application, after the appeal was found frivolous, counts as a strike under § 1915(g). In considering whether 12-16170 qualifies as a § 1915(g) strike, the undersigned notes the following cases.

In <u>Hafed v. Fed. Bureau of Prison</u>, 635 F.3d 1172, 1179 (10th Cir. 2011), the Tenth Circuit held that an appeal dismissed for failure to pay the filing fee, after the appeal was found frivolous, is a § 1915(g) strike. In <u>Hafed</u>, the plaintiff appealed a district court order dismissing an action as frivolous. Id. at 1178. The Tenth Circuit stated that the determination that the appeal was frivolous by the appellate court when it denied the appellant's motion to proceed in forma pauperis on appeal "can properly be termed the 'but for' cause of that court's subsequent dismissal …it would be 'hypertechnical' to hold that the resulting dismissal for nonpayment was not a strike." Id.

In contrast to the Tenth Circuit, the Eleventh Circuit in <u>Daker v. Commissioner, Georgia Department of Corrections</u>, 820 F.3d 1278 (11th Cir. 2016), held that an appeal dismissed for failure to prosecute, after having been found frivolous, does not count as a § 1915(g) strike, apparently without regard for the reasons behind the dismissal by the district court.

In <u>Harris v. Mangum</u>, 863 F.3d 1133, 1142-43 (9th Cir. 2017), the Ninth Circuit found that actions dismissed for failure to file amended complaints, after the original complaints were dismissed for failing to state a claim, count as strikes under 28 U.S.C. § 1915(g). The Ninth Circuit found that dismissals, under these circumstances, "'rang the PLRA bells of … failure to state a claim,' even if the 'procedural posture' meant that the entry of judgment in each case was delayed until it became clear that Harris would not file an amended complaint that did state a claim." Id. at 1142, citing <u>Thompson v. Drug Enf't Admin.</u>, 492 F.3d 428, 433 (D.C. Cir. 2007).

Based on the circumstances surrounding 12-16170, the undersigned finds that it does not qualify as a strike under § 1915(g). If the court adopts the reasoning of the Eleventh Circuit in

5

Daker, 12-16170 is not a strike. Appeal 12-16170 can also be distinguished from Harris and Hafed because the underlying order by the Northern District did not dismiss plaintiff's case as frivolous, malicious or for failing to state a claim upon which relief may be granted. Instead, the district court dismissed the case based on improper joinder. Based on these circumstances, even though the district certified that the appeal was not taken in good faith, which the Ninth Circuit confirmed, plaintiff's appeal did not ring the PLRA bell.

*13-cv-17060*

Defendants next argue that the Ninth Circuit's dismissal of plaintiff's appeal no. 13-17060 is a § 1915(g) strike. The background to this appeal follows herein.

Following the Ninth Circuit's dismissal of appeal 12-16170, plaintiff filed two motions in the district court: a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and a motion for administrative justice. (See ECF No. 50-5 at 48-49.) The district court denied both of these post-judgment motions in one order. (Id.) In particular, the district court denied the 60(b) motion as untimely. (Id.) The district court denied the motion for administrative justice on the grounds that it sought legal advice, which the court was not authorized to provide. (Id.)

Plaintiff appealed the district court's order denying his 60(b) motion and motion for administrative justice. In 13-17060, the Ninth Circuit referred the case back to the district court to determine whether plaintiff's in forma pauperis status should continue on appeal, or if the appeal was taken in bad faith. (ECF No. 50-7 at 2.) The district court found that plaintiff's appeal was frivolous and therefore not taken in good faith. (ECF No. 50-5 at 51-52.)

In 13-17060, the Ninth Circuit issued an order confirming that plaintiff's appeal was frivolous. (ECF No. 50-7 at 4-5.) The Ninth Circuit granted plaintiff twenty-one days to pay the filing fee. (Id.) On March 17, 2014, the Ninth Circuit dismissed the appeal after plaintiff failed to pay the filing fee. (Id. at 6.)

Case 13-17060 is not a strike for the same reasons 12-16170 is not a strike. The district court order appealed in 13-17060 did not involve a finding of frivolousness, failure to state a claim or maliciousness. While the district court and the Ninth Circuit found that plaintiff's appeal

6

was frivolous, 13-17060 did not ring the PLRA bell.

Conclusion

For the reasons discussed above, the undersigned finds that plaintiff does not have three prior strikes pursuant to 28 U.S.C. § 1915(g). While other jurists may disagree with undersigned's findings that four of the five cases discussed do not qualify as strikes, the undersigned does not enter orders finding § 1915(g) strikes lightly.[2]

In the motion to dismiss, defendants also argue that plaintiff is collaterally estopped from challenging his ineligibility for in forma pauperis status under 28 U.S.C. § 1915(g) because the Northern District has previously determined that plaintiff has § 1915(g) strikes in four of the cases cited by defendants, 97-2298, 08-3850, 11-2704 and 13-17060. As discussed above, the undersigned did not find that 08-3850, 11-2704 and 13-17060 count as strikes under § 1915(g).

On April 26, 2017, in Brown v. Contra Costa, 16-7016 TEH, the Northern District ordered plaintiff to show cause why the case should not be deemed to be three strikes barred and the application to proceed in forma pauperis denied based on 97-2298, 08-3850, 11-2704 and 13-17060. (ECF No. 50-8 at 1-5.) The district court denied plaintiff's application to proceed in forma pauperis, but defendants in the instant action did not provide this court with a copy of the order making that finding. After plaintiff failed to pay the filing fee, the district court dismissed 16-7016. (Id. at 7.) Plaintiff appealed the order denying his application to proceed in forma pauperis. (Id. at 15.)

Assuming that the Northern District found the four cases cited above to count as strikes under 28 U.S.C. § 1915(g), while the undersigned gives such a decision significant consideration, this court is not bound by the decision of another district court.

Accordingly, for the reasons discussed above, IT IS HEREBY RECOMMENDED that defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 50) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

---

[2] Neither party addresses the issue of whether plaintiff meets the imminent injury exception to § 1915(g). Accordingly, the undersigned also does not address this issue.

7

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 23, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wilk347.mtd