UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, | No. 2: 16-cv-347 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| PAUL GONZALES, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 23, 2017, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Defendants have filed objections to the findings and recommendations.

The magistrate judge recommended that defendants' motion to revoke plaintiff's in forma pauperis status be denied. Defendants argued that plaintiff has five strikes under 42 U.S.C. § 1915(g). The magistrate judge found that only one of the five strikes cited by defendants qualified as a strike under 28 U.S.C. § 1915(g). In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.

1

Defendants object to the magistrate judge's finding that plaintiff's two appeals do not qualify as strikes. Resolution of defendants' objection is controlled by *Richey v. Dahne*, 807 F.3d 1202 (9th Cir. 2015). In *Richey*, the United States Court of Appeals for the Ninth Circuit applied the rule announced in *O'Neal v. Price*, 531 F.3d 1146 (9th Cir. 2008) to appeals, as follows:

> In *O'Neal v. Price*, 531 F.3d 1146 (9th Cir. 2008), we held that "when a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim is frivolous, malicious, or fails to state a claim upon which relief may be grant,' such a complaint is 'dismissed' for purposes of 1915(g) even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *Id*. at 1153 (alteration in original). *O'Neal's* reasoning applies equally to the situation in *Thaut III,* as we rejected Richey's request for IFP status because the appeal was frivolous even though we did not dismiss the appeal until later when Richey did not pay the filing fee.

*Richey*, 807 F.3d at 1208. The panel's reasoning did not rest on the fact that the action underlying the appeal in *Richey*'s prior case denominated *Thaut III* had been dismissed as frivolous. The holding was based on the fact that a motions panel had determined the appeal to be frivolous, denied Richey IFP status on appeal but allowed him an opportunity to pay the filing fee and proceed with the appeal, and then dismissed the appeal for failure to pay the filing fee. *Id*.

Here, the two appeals at issue were found to be frivolous by both the district court and the court of appeals. *See* ECF No. 59 at 4, 6. Following those determinations, in each instance the court of appeals ordered plaintiff to pay the filing fees. *Id*. at 5, 6. The appeals were dismissed after plaintiff failed to pay the required filing fees. *Id*. at 5, 6. *Richey* requires that the two appeals be considered strikes under 28 U.S.C. § 1915(g).

Given the foregoing, plaintiff has three strikes under 28 U.S.C. § 1915(g) and therefore can only proceed in forma pauperis with this action if he is "under imminent danger of serious physical injury." 28 U.S.C. §1915(g). The allegations of the cognizable claims in this action do not support the required finding.

Having reviewed the file, the court declines to adopt the findings that plaintiff's appeals, 12-cv-16170 and 13-cv-17060, are not strikes under 28 U.S.C. §1915(g) or the recommendation that defendants' motion to revoke plaintiff's in form pauperis status be denied. For the reasons set forth in the findings and recommendations and this order, the court finds that before filing this

action plaintiff has filed one civil action and two appeals that were dismissed on the grounds that they were frivolous, and that the cognizable claims in this action do not support a finding that plaintiff is under imminent danger of serious physical injury.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 23, 2017 are adopted to the extent consistent with this order;

2. Defendants' motion to revoke plaintiff's in forma pauperis status, ECF No. 50, is granted; and

3. Plaintiff's in forma pauperis status is revoked and plaintiff is granted thirty days from the date of this order in which to pay the filing fee of four hundred dollars ($400.00) for this action. Failure to comply with this order will result in the dismissal of this action.

DATED: January 31, 2018.

UNITED STATES DISTRICT JUDGE