UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAUL GONZALEZ, et al.,<br><br>　　　　Defendants. | No. 2: 16-cv-347 KJM KJN P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se in this civil rights action, requests a stay or extension of time to pay his filing fee. Mot., ECF No. 62. The court DENIES in part and GRANTS in part plaintiff's request.

On February 1, 2018, the court adopted in part the magistrate judge's findings and recommendations and revoked plaintiff's in forma pauperis status. Order, ECF No. 61. In reaching this conclusion, the court found plaintiff has three strikes under 28 U.S.C. § 1915(g)[1]

---

[1] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

and that he has shown no imminent danger of serious physical injury. *Id.* at 2-3. The court ordered plaintiff to pay the $400.00 filing fee for this action within thirty days and noted, "[f]ailure to comply with this order will result in the dismissal of this action. *Id.*

On the day payment was due, plaintiff filed the instant motion, styled "declaration of plaintiff in support of request for stay or alternative extension of time to pay filing fee." Mot., ECF No. 62. Plaintiff explains he "currently ha[s] pending in the 9th Circuit Case No. 17-16274, an Appeal on IFP status [filed in a separate action]." *Id.* at 1. Plaintiff argues he will prevail on his appeal based on "clear establishment of what 'frivolous' means" and therefore requests the court stay this action pending resolution of his appeal. *Id.* at 2 (noting a stay "will also prevent an unnecessary Appeal in this Action"). Plaintiff alternatively requests a one-time extension of 30 days to pay the filing fee, noting he is indigent, has no funds in his trust account and has already partially paid the filing fee through trust deductions. *Id.*

To the extent plaintiff's filing may be construed as a motion for reconsideration of the court's order revoking his IFP status, the motion is DENIED. Plaintiff has shown no newly discovered evidence, clear error or manifest injustice in the court's prior order or an intervening change in controlling law. *See Sch. Dist. Number. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (describing grounds for reconsideration). His motion to stay is also DENIED as he cites no authority or compelling reason to justify a stay. Given plaintiff's indigent status, his partial payment, and his effort to request an extension before the deadline lapsed, the court GRANTS his request for a one-time extension of thirty days to pay the filing fee. Absent good cause, the court will not grant another extension.

Accordingly, plaintiff is ORDERED to pay the $400.00 filing fee by April 2, 2018. Failure to comply with this order will result in dismissal of this action.

This resolves ECF No. 62.

IT IS SO ORDERED.

DATED: March 13, 2018.

_____
UNITED STATES DISTRICT JUDGE