UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keenan Wilkins, | No. 2:16-cv-00347-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| Paul Gonzalez, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, filed this civil rights action without counsel in February 2016. This court revoked plaintiff's *in forma pauperis* (IFP) status on March 14, 2018, and ordered him to pay a $400.00 filing fee within thirty days. Order, ECF No. 61, at 3. Plaintiff did not pay the filing fee, nor did he show good cause, and so this action was dismissed. Dismissal Order, ECF No. 68. Plaintiff subsequently petitioned the Ninth Circuit for a writ of mandamus, which was "denied without prejudice to petitioner seeking whatever relief may be available in the district court in light of *Meyers v. Birdsong*, 83 F.4th 1157, 1160–61 (9th Cir. 2023)." Ninth Circuit Order, ECF No. 76. Plaintiff now files this motion for relief under Rule 60 and the Ninth Circuit's Order, asking for a "refund of all fees collected in this action as he was not allowed to proceed IFP and for an order from the court to prison officials to cease collection." Mot. at 4, ECF No. 77.

In *Meyers v. Birdsong*, the court held "§ 1915(b) neither permits nor requires the collection of fees from a struck-out prisoner who attempts to file an appeal IFP," and "directed the Clerk of the District Court to return any fees that it collected on [the court's] behalf for [the] appeal." *Meyers*, 83 F.4th at 1161.  Here, plaintiff's request does not include sufficient information or evidence to establish a successful claim for a refund, such as evidence of the funds withdrawn or subject to future withdrawal from his account or evidence the court has ordered the withdrawal of the funds.  *See* Mot. at 1–6.  Accordingly, the motion is **denied without prejudice**.

This order resolves ECF No. 77.

IT IS SO ORDERED.

DATED: December 7, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE