UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keenan Wilkins, | No. 2:16-cv-00347-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| Paul Gonzalez, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action in 2016. Compl., ECF No. 1. Plaintiff's motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915 was granted, Prior Order, ECF No. 7, and the court ordered an initial partial filing fee be paid from the plaintiff's prison trust account under 28 U.S.C. § 1915(b)(1), Prior Order, ECF No. 8. The court further outlined a monthly payment plan to continue until the filing fee was paid in full under 28 U.S.C. § 1915(b)(2). *Id.*

This court later revoked plaintiff's IFP status because plaintiff had three "strikes" under 28 U.S.C. § 1915(g) and granted plaintiff thirty days to pay the filing fee. *See* Prior Order, ECF No. 61. Ultimately, plaintiff did not pay the filing fee, and the court dismissed the action. *See* Prior Order, ECF No. 68. Plaintiff later petitioned the Ninth Circuit for a writ of mandamus, which was denied "without prejudice to petitioner seeking whatever relief may be available in the district court in light of *Meyers v. Birdsong*, 83 F.4th 1157, 1160-61 (9th Cir. 2023)." USCA

1

1  Order, ECF No. 76. Plaintiff then sought a refund of all fees paid in this action under Rule 60 and
2  the Ninth Circuit's order. *See* Prior Mot., ECF No. 77.

3        The court denied plaintiff's motion without prejudice because plaintiff did not "provide
4  sufficient information or evidence to establish a successful claim for a refund, such as evidence of
5  the funds withdrawn." *See* Prior Order at 2, ECF No. 78. Plaintiff then filed his current motion
6  requesting a refund of all fees paid to date and attaching a letter to the Clerk of Court seeking
7  records of the amount the court has collected. *See* Mot., Ex. A, ECF No. 79. The court has been
8  provided with a copy of records showing plaintiff continues to be charged for the filing fee.

9        In *Meyers v. Birdsong*, a prisoner appealed the dismissal of his § 1983 action and was
10  granted IFP status. 83 F.4th 1157, 1159 (9th Cir. 2023). The IFP status was later revoked,
11  because it was found the prisoner was ineligible under 28 U.S.C. § 1915(g). *Id.* However, after
12  the dismissal, the prisoner's trust account continued to be debited under § 1915(b)(2) to satisfy
13  the outstanding balance on the initial filing fee. *Id.* The prisoner argued because he did not
14  qualify for IFP status under § 1915(g), he could not be subjected to the IFP fee payment scheme
15  in § 1915(b). *Id.* at 1160. The Ninth Circuit agreed and directed the prisoner's filing fees be
16  refunded. *Id.* at 1161. Although *Meyers* concerned an appeals court fee, the Ninth Circuit's
17  reasoning applies equally to an initial filing fee, as does the language of § 1915. *See* 28 U.S.C.
18  § 1915(b)(1) (referring to "a civil action" and "an appeal" without differentiation).

19        The court thus orders as follows:

20      (1)    The court directs the Clerk of Court to refund the total amount of the filing fee
21             collected from plaintiff to date.

22      (2)    The court orders the Director of the California Department of Corrections and
23             Rehabilitation or a designee to stop collecting and making payments from
24             plaintiff's trust account to satisfy the balance of the filing fee in this action.

25      (3)    The Clerk of the Court is directed to serve a copy of this order on the Director,
26             California Department of Corrections and Rehabilitation, 1515 S Street,
27             Sacramento, California 95814.

28  /////

(4) The Clerk of the Court is directed to serve a copy of this order on the Financial Department of the court.

This order resolves ECF No. 79.

IT IS SO ORDERED.

DATED: January 5, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE